# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 28, 2013

No. 12-10375
Summary Calendar

Lyle W. Cayce
Clerk

TYJUANIA STOKES,

Plaintiff-Appellant

v.

DALLAS COUNTY JUVENILE DEPARTMENT, a Department of Dallas County, Texas; DALLAS COUNTY, TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1352

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tyjuania Stokes brought suit against Defendants-Appellees Dallas County Juvenile Department and Dallas County, Texas, alleging violations of the Family Medical Leave Act and Title VII of the Civil Rights Act of 1964. She appeals the district court's grant of summary judgment for the defendants, as well as its denial of her motion to compel discovery and

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

motion to strike summary judgment evidence. For the reasons that follow, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Stokes worked for Dallas County Juvenile Department ("DCJD") from February 23, 2004 to March 8, 2010. In July 2008, Stokes requested a transfer from DCJD due to alleged harassment and a hostile work environment, the specific nature of which is not apparent from the briefs or the record. In September 2008, Stokes received a notice of disciplinary action ("NEDA") for insubordination and poor work performance. After Stokes appealed the NEDA, a supervisor dismissed the punitive suspension period that was to follow. Stokes received two further NEDAs for tardiness, and one each for insubordination and for calling in sick less than an hour before her shift was to begin.

In September 2009, Stokes injured her back at work. Ten days later, her related workers' compensation claim was denied because she was found to be a "problem employee." She took leave under the Family Medical Leave Act ("FMLA") for approximately twenty days due to this injury, and again took FMLA leave for about one week in February and March 2010 to care for her mother. Upon Stokes' return on March 8, 2010, the Assistant Director of Juvenile Services informed her by written memorandum that she was being terminated for separate episodes of insubordination that occurred in August 2009 and January 2010. Stokes had received a NEDA and a five-day suspension for the August 2009 incident. No NEDA was issued for the January 2010 incident. She administratively appealed her termination, but the appeal was denied in March 2010. Stokes then filed claims in federal court under Title VII, FMLA, and Texas workers' compensation law.

Before the close of discovery, Stokes moved to compel DCJD and Dallas County to answer certain interrogatories and produce documents responsive to her discovery requests. Stokes alleges on appeal that she first received

responsive documents as an attachment to the defendants' summary judgment motion, filed shortly after discovery closed. The district court construed the defendants' response (filed several days after their summary judgment motion) as a request to extend time to produce discovery. The district court granted this request, and denied Stokes' motion to compel as moot.

DCJD and Dallas County filed for summary judgment, presenting ample documentation of Stokes' workplace violations and the reasons for her termination. Stokes moved to strike portions of the defendants' summary judgment evidence as inadmissible hearsay. On March 6, 2012, the district court denied Stokes' motion to strike, and granted the defendants' summary judgment motion. Stokes timely appealed.

## II. DISCUSSION

### A.    Evidentiary Orders

Stokes challenges the district court's denial of her motion to compel and her motion to strike. We review a district court's evidentiary and discovery rulings for abuse of discretion. *Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006).

The entirety of Stokes' challenge to the denial of her motion to compel is as follows:

> Stokes received responsive discovery documents for the first time as an attachment to the Appelle[e]'s Summary Judgment Motion. The [district court] denied the Motion to Compel, stating that Stokes was not prejudiced. The Motion to Compel or Sanctions should have been granted.

Stokes thus argues—albeit not very clearly—that denial of the motion prejudiced her. The defendants filed their summary judgment motion on September 1, 2011. Stokes filed her response over three months later. She does not argue that the defendants ultimately refused to provide responsive documents, nor that their tardiness left her with inadequate time to prepare a response. In these

circumstances, the district court's denial of Stokes' motion to compel was not "arbitrary or clearly unreasonable," and thus did not constitute an abuse of discretion. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

Stokes argues in one sentence, with no supporting legal authority, that the district court improperly denied her motion to strike because the defendants' summary judgment evidence included inadmissible hearsay. Her accompanying record citations do not identify a motion to strike, nor any objection in district court to alleged hearsay within documentary evidence. No sufficient argument is preserved, therefore, nor do we see error, plain or otherwise.

## B.     Summary Judgment

### 1.     Standard of Review

Stokes next challenges the district court's summary judgment order. We review a grant of summary judgment de novo, applying the same standards used by the district court. *Ace Am. Ins. Co. v. M-I, L.L.C.*, 699 F.3d 826, 830 (5th Cir. 2012). Under Rule 56(a), summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "We examine the evidence in the light most favorable to the nonmoving party, and draw any reasonable inferences in favor of that party." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (internal citations omitted).

### 2.     Discussion

#### a.     Title VII

Because Stokes relies on circumstantial evidence to support her Title VII claim, the *McDonnell Douglas* burden-shifting framework applies. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, a plaintiff must establish a *prima facie* case of retaliation by showing that: (1) she engaged in

activity protected under Title VII; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004). If she makes this showing, the defendant must then present evidence that the employment decision was based on a legitimate, nondiscriminatory reason. *Turner*, 675 F.3d at 892. The burden then shifts to the plaintiff to show that this reason is pretextual. *Id.*

In granting the defendants' summary judgment motion, the district court concluded that,

> while Stokes appealed numerous instances of claimed harassment and subjection to a hostile work environment, there is no evidence that such claims were based on race, color, religion, sex, or national origin – let alone evidence that would alert her employer to the fact that she reasonably believed her supervisors subjected her to such discrimination. Instead, her appeal centered on unfair work distribution, personal embarrassment, and/or violations of departmental policy unrelated to race, color, religion, sex, or national origin. As the Supreme Court has stated, Title VII "does not set forth 'a general civility code for the American workplace.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) [(citation omitted)].

We agree. In her brief, Stokes does not so much as mention an activity or characteristic protected under Title VII. Although she argues that her termination was based on her July 2008 complaint of harassment and a hostile work environment, she does not allege or provide any evidence that race, color, religion, sex, or national origin played a role in this episode or in any employment decision adverse to her. Because Stokes failed to make out a *prima facie* case of retaliation, the district court correctly granted summary judgment to the defendants as to Stokes' Title VII claim. *See Roberson*, 373 F.3d at 655.

### b.     FMLA

The *McDonnell Douglas* framework also applies when an employee claims that her employer has punished her for taking FMLA leave. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). The employee establishes a *prima facie* case by showing that: "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave." *Id.* The defendant then has the burden to "articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action," after which the plaintiff must show by an evidentiary preponderance that this reason is pretextual. *Id.*

The district court concluded that Stokes had made a *prima facie* case of FMLA retaliation because the decision to terminate her was made while she was on FMLA leave, and she was terminated just after she returned. *See Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). The court then held that the defendants had offered legitimate, nondiscriminatory reasons for her termination—Stokes' history of insubordination, aggressive interactions with supervisors, excessive tardiness, and failure to follow workplace procedures.

The district court held that, although Stokes' bare denials of the defendants' reasons for terminating her had created a "weak showing of pretext," she did not satisfy her burden at the summary judgment stage because she had offered insufficient evidence for a rational factfinder to conclude that unlawful discrimination had occurred. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). The court also noted that the human resources officer who decided to terminate Stokes did so without knowing that Stokes was on FMLA leave. Although Stokes has presented evidence that other supervisors knew she was on leave, she presents no such evidence as to the officer that made the

termination decision. As in the proceedings below, Stokes argues on appeal that the defendants' nondiscriminatory reasons for terminating her are false, which provides a sufficient showing of pretext to preserve her FMLA claim for trial. *See id.* at 147 ("[I]t is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation.").

The Supreme Court has stated that "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Id.* at 148. Further, we have held that a non-movant in a summary judgment dispute cannot satisfy her evidentiary burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (internal quotation marks and citations omitted). "[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* (internal quotation marks and citation omitted).

The district court correctly granted summary judgment in the defendants' favor. The only evidence Stokes offers that contradicts the abundant proof of her workplace infractions is in her own affidavit. Though rich in bare denials respecting Stokes' workplace behavior, the affidavit offers little support for her FMLA claim. The only affirmative evidence of FMLA discrimination against her is the temporal coincidence of her FMLA leave period and her termination. Dallas County and DCJD have presented uncontested evidence that the officer responsible for terminating Stokes did not know she was on FMLA leave. Inexplicably, Stokes fails to deny, and even concedes, that she violated workplace regulations while arguing that her violations were not severe enough to warrant disciplinary action. *Cf. Nix v. WLCY Radio/Rahall Commc'ns*, 738

F.2d 1181, 1187 (11th Cir. 1984) (federal employment law "does not take away an employer's right to interpret its rules as it chooses"). In these circumstances, we hold that there is no genuine dispute that Stokes' termination was unrelated to her taking FMLA leave. *See Reeves*, 530 U.S. at 148; *Price v. Fed. Express Corp.*, 283 F.3d 715, 724–25 (5th Cir. 2002); *Little*, 37 F.3d at 1075.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.